## S. S. Vick v. James H. Clark, Receiver.

1. CONTRACTS—*Certificate in Benefit Societies is Unilateral.*—The contract of insurance existing between the Masonic Benevolent Association of Central Illinois and its members is purely unilateral and no recovery can be had thereunder by such association or its receiver against members thereof.

Assumpsit, by a benefit association, on a certificate, etc. Trial in the Circuit Court of Williamson County; the Hon. OLIVER A. HARKER,

Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed August 31, 1898.

Clemmens & Warder, attorneys for appellant.

Andrews & Vause and James F. Hughes, attorneys for appellee.

Per Curiam.

This was a suit in assumpsit by appellee against appellant, commenced and prosecuted to judgment in the Circuit Court of Williamson County.

The declaration sets out in substance that the Masonic Benevolent Association of Central Illinois was duly incorporated on the 29th day of May, 1874, in pursuance of an act of the General Assembly, approved April 18, 1872; that it did business until April 17, 1894, when, by an order of the Coles County Circuit Court in a proceeding at the suit of the attorney-general of the State of Illinois against said association, the corporation was dissolved and James H. Clark appointed receiver; that said Circuit Court ordered the receiver to make an assessment on the members of the association to pay its debts and obligations and to enforce payment of such assessments, if not paid within sixty days; that the liabilities of said association for death losses due on beneficiary certificates of deceased members aggregated $134,000; that the receiver duly qualified, and in pursuance of the order of said Circuit Court, did on July 2, 1894, make an assessment upon the members to pay said liabilities; that appellant, at the time of the dissolution of the association, was a member in good standing and held a beneficiary certificate for $4,000; that the aggregate sum of the assessments against appellant is $159.90; and that appellant neglects and refuses to pay, etc.

To the declaration a plea of non-assumpsit and the following stipulation—"It is hereby stipulated that under the plea of general issue, any and all evidence admissible under any conceivable good plea, shall be admissible and introduced, if offered by defendant at the trial"—were filed.

Jury was waived and a trial had by the court by agreement. The court found the issues for appellee, and assessed damages against appellant at the sum of $159.90, and rendered judgment on the finding.

To reverse this judgment appellant brings the case to this court.

Many errors are assigned and urged, but the one controlling question is as to the character of appellant's contract with the Masonic Benevolent Association of Central Illinois.

The Supreme Court of this State in Lewis L. Lehman v. James H. Clark, Receiver, opinion filed June 23, 1898, has fully discussed and determined the character of such contract. The conclusion there reached is that this contract (for the contract in that case is precisely the same as the contract in this), is purely unilateral; that no right of recovery could be had thereunder by the association against the member, and therefore no recovery can be had by a receiver of the association.

The judgment of the Circuit Court is reversed.